Chief Justice Robertson,
delivered the opinion of the Court.
A fieri facias having been issued on a sale bond executed by Henry Crow as principal, and by Henry Debard and Harvey Debard as sureties, to Henry Debard and Harvey Debard and several Others, all heirs of Ephraim Debard, Crow, in his own name and in those of his sureties, made a motion to quash the execution and sale bond, because the sureties were both co-obligors and co-obligees.
The circuit court, notwithstanding the opposition of all the obligees, quashed the execution and also the sale bond; and to reverse that judgment this writ of error is prosecuted.
No action at law could be maintained on the bond against the sureties, who are co-obligees, and have *8 by their own act, made themselves joint and several co-obligors.’ They cannot sue themselves — and therefore, as to them, there being no causo of action, there is no legal obligation. Sanders’s heirs vs. Sander’s ex’rs, 2d Littell’s Rep. 321. Thomas vs. Thomas, 3d Ib. 8, Allin, &c. vs. Gray, 1st Monroe’s, 98. Suttles vs. Whitlock, 4th Ib. 452. Lyle vs. Gatewood, 5th Ib. 6.
But we cannot perceive why a suit might not be. maintained on the bond against the principal obligor who is not an obligee and whose obligation is legal, and several as well as joint.
It is true that, if the obligee make bis obligor executor, the cause of action may be extinguished. So too, if a feme obligee marry the obligor, his legal obligation may be released by operation of law. And the same consequence will result from either of those acts by an obligee, although there may be other co-obiigees and other co-obligors than the obligee and obligor immediately engaged in the act of extinguishment. For a release by one of several coobligees, of one of several joint and several co-obligors will release the whole obligation; and any voluntary act of an obligee whereby an action on the-obligation is destroyed or suspended is, by operation of law, equivalent to a formal and actual release.— Co. Lit. (264. b.) Com. Dig. Release (A. 2.) Ba. Ab. Release (B ) Chitty on Con. (296.) Wheaton’s Selwyn (425.)
And the reason why, in such a case, an action can not be maintained on the obligation is that, after it was complete and in full force, the obligee or one of the obligees, by his or their voluntary act, extinguishing the cause of action against the obligor or one of the obligors, thereby, in effect, extinguished the whole legal obligation of the bond. But in this case, no act was done by any -of the obligees after the execution of the bond for releasing any one of those who were legally bound: the obligation remains as it was ab origine. The snreties never incurred any legal obligation, because they were also obligees; and the same persons • cannot he both obligors and obligees to each other in the same contract. Bu-t may not the bond be obligatory on the principal *9 who was notan obligee? Can the fact that the sureties were not legally hound to themselves affect the obligation of the principal to whom no such cause for invalidating his undertaking applies? May not the bond be considered as the legal obligation of the principal obligor without sureties? This, we think, is its legal effeet. If the sureties had been jfemes covert or infants, and therefore, as to them the bond had been void or voidable, nevertheless the principal obligor might be bound and an action might be maintained against him Why may not the principal be equally bound in this case?
Execution bondiu which sureties .are" co-obligors & Against all the parties j* should only the^-fnoipal or such as are not bothobli|ees.and °M*"
Bnnd whi ^ j* valid to any" ex eot :,s a cbb'atí1 «lW should not be quashed.
*9 The obligation of the principal could not be considered as released on the ground that co-obligors, by being also obligees, could release themselves or might be considered as released because they were both obligees and obligors; for never having been legally bound an attempt to release them would not operate as a release as to the principal. The bund should, therefore, in our opinion, be deemed legally binding on Henry Crow. Such seems to be its legal effect: and as such, a suit might be maintained on it as a common law obligation. -
But it is true that if it be not such a bond as will authorize an execution against all who signed it, the process is irregular at least, because the execution must conform to the judgment; and consequently, if the bond be in legal effect, as a judgment against only one, execution should have been issued against him alone, and then it could not have been quashed by proving that other persons signed it, because the same proof would have shewn that it is his obligation alone.
Besides it may at least be doubted whether the bond ever had imparted to it the legal effect and operation of a judgment or decree, so as to authorise execution upon it. it was given in consequence of a sale of the estate of infants made in pursuance of a decree for that purpose, and directing that when taken, the sale bond should have the effect of a judgment, or, in other words, that execution might be issued upon it.
Wherefore we cannot say that the circuit court erred in quashing the execution. But it certainly *10 erred in quashing the bond. As it was not a statutory bond, the common law Judge had no right to quash it: and the chancellor having, by his final decree, as we infer, "approved the bond and parted power over the case, had no right to quash, Rj unless it could be deemed to partake of the character and to have the operation of a decree — and even then he ought not to have quashed it, because it was valid to some extent.if not equitably so to its whole extent, and because the obligees were satisfied with it and opposed its quashal.
The fes-ieH^Tn sal" bond q.o'ild •be quash’d fo<yetTfthfihnml be valid to any extent and fied s*ith it1S" erroneous to quash the bond on motion.of obligor
' Hanson, for plaintiffs; Clarke and Hockaday, for defendants.
Wherefore the order quashing the execution is approved — but that, quashing the bond is reversed at the cost of the defendant in error,